■ RICHARD S. ZLETZ, Respondent, v OUTTEN & GOLDEN, LLP, et al., Appellants, et al., Defendants. [795 NYS2d 212]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 27, 2004, which denied defendants-appellants' pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants Outten & Golden, LLP, Wayne N. Outten and Anne K. Golden, dismissing the complaint as against them.

Plaintiff was employed by a law firm as an associate attorney and, as such, was covered by that firm's group long-term disability insurance. After almost five years, plaintiff took short-term disability leave and, when he was unable to return, his employment was terminated. Plaintiff's application for long-term disability benefits through the law firm's group insurance was initially denied by the carrier. Plaintiff thereafter retained Wayne N. Outten, Esq. to represent him in connection with overturning that denial and obtaining long-term disability benefits. Following extended negotiations, the carrier changed its position, agreed that the alleged disabling condition (tinnitus) was not excludable as a pre-existing condition and offered plaintiff a choice: either he could (1) accept one year of benefits ($88,800) while the carrier investigated whether the condition disabled plaintiff, or (2) accept two years of benefits ($177,600) as full settlement of his claim in lieu of an investigation. Plaintiff elected to accept one year of benefits and have his application resolved after an investigation. Plaintiff thereafter instituted this action for legal malpractice, claiming, inter alia, that defendants made mistakes in interpreting his long-term disability policy, gave him erroneous advice and failed to either timely commence an action or obtain a tolling agreement. Plaintiff seeks damages against defendants based on the carrier's initial denial of his claim.

Essential to a legal malpractice claim is proof that the acts of an attorney proximately caused compensable damages (*Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 272 [2004]). If there are no damages, there can be no cause of action. Once the carrier notified plaintiff that the prior denial was reversed and offered him the choice of a one-year payment and investigation or a two-year payment in full settlement, plaintiff no longer had any viable claim against either the carrier or his former employer. Since plaintiff cannot establish any damage he suffered, he has no remaining cause of action against defendants. Since the carrier changed its position

and plaintiff had the opportunity to have his disability application thoroughly investigated, any claimed negligence by defendants in responding to the initial denial could not have harmed him. The IAS court was correct in identifying discrete facts about alleged negligent acts of defendants which remain disputed but those disputed facts are not material to plaintiff's claim since he has suffered no damage (*see Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, LLP,* 301 AD2d 63, 67 [2002]). Concur—Buckley, P.J., Saxe, Nardelli, Williams and Catterson, JJ.